Joseph J. Conroy, Spec. Ref.
Upon consent in open court, this case was referred to me to hear and determine all the issues herein.
The proceeding was instituted by the landlord petitioner pursuant to Emergency Business Space Rent Control Law (§2, subd. [a]; L. 1945, ch. 314 as amd. by L. 1952, ch. 417) in connection with the landlord’s application to fix a business rental for the residential part of the premises occupied by the respondent tenant.
The parties conceded these facts: premises is a three-story building; .the first floor and cellar occupied as a store; the second floor by an office; the third floor occupied as a dwelling by respondent tenant. Since 1944 and prior thereto, the first floor was occupied as a store; the second and third floors each containing one apartment were occupied by separate tenants for residential purposes. In 1960 the second floor was altered and is now legally occupied for business purposes; that the first floor and basement has an area of 1,432 square feet; the second floor 641 square feet; and the third floor 641 square feet; or a total of 2,714 square feet.
The parties agree that no issue of fact arises and that there is a question of law on the interpretation of subdivision (a) of section 2, as to whether petitioners have brought themselves within the requirement of said statute so as to require a further determination of the business rental.
Subdivision (a) of .section 2 in part states “ on and after March first, nineteen hundred fifty-two, a building in which at least sixty percentum of the total number of units formerly used as dwelling space, is lawfully occupied as business space on such date ”.
The petitioner urges that the full 2,714 square feet of area of the premises should be taken as a basis in applying the law; that originally 1,432 square feet was business space and 1,282 square feet was dwelling space. That by conversion of 641 square feet of dwelling area into business use, a total business use of 2,073 square feet is now used which amount is more than the required 60% of the total rentable area required to be occupied as business space. That only about 23%% remains residential area.
The petitioners’ argument is correct as to the “ total rental area”. However, the law also requires that at least 60% of the total number of units formerly used as dwelling be lawfully occupied as business space.
*518 The business area could not be taken into consideration in determining the total number of units formerly occupied for dwelling unless the business area was formerly dwelling space.
The case of Matter of Harphil Realty Co. (N. Y. L. J., March 3, 1957, p. 8, col. 1, McGivern, J.) is distinguishable. Therein, the premises was originally an apartment house. Thereafter, parts became business occupied, and ultimately it became sufficiently occupied both as to total rental area and units formerly used as dwelling .space for business use.
The purpose of setting forth two requirements in the statute is evident. Assume for the purpose of demonstration — a premises 30 feet by 100 feet; 3 story — with a total of 9,000 square feet area; occupied as follows:
first floor — store 30 feet by 70 feet = 2,100 square feet first floor- — ■ one apartment unit 30 feet by 30 feet = 900 square feet
second floor — three individual apartment units totalling 3,000 square feet area
third, floor — -one apartment unit —3,000 square feet area.
Here you would have 9,000 square feet area with five dwelling-units.
(1) If the second floor was legally converted to business space you would then have only 5,100 square feet of business area when the required 60% would be 5,400 and the statute would not be met — even -though you would have 60% of the dwelling units changed.
Again (2); if the third-floor and first-floor dwelling only were converted — leaving the second floor as a dwelling, you would have 6,000 square feet of the total rental area, but only 40% of the units formerly used for dwelling space. The statute still would not be met.
To meet the requirements of the statute under the above example, would necessitate such a change so that the combination of rental area would be 60% of 9,000, and 60% of 5 units.
In Matter of Sipal Realty (Dankers) (16 Misc 2d 827) the court stated, page 829 that there were 93 residential units. That the ground floor comprised a lobby -and three stores; that there being 93 residental units in the building, the petitioner must establish that 56 units constituting 60% of the total rental area were used for business purposes when this proceeding was commenced.
Although the above case was partly reversed (8 A D 2d 355), which latter case was also partially reversed (8 N Y 2d 319), the factual basis remains unchanged. The question of what *519 constitutes “ total rentable area ” was not passed upon in the appeal.
I interpret the statute as requiring that petitioner must establish that 60% of the total rentable area must be lawfully occupied as business .space, and also that 60% of the total number of units at one time used as dwelling space be lawfully occupied as business space in order to have the whole premises classified as business space under the statute. In other words, in the hypothetical example heretofore cited, I would hold that 9,000 square feet is the total rentable area and not 6,900 square feet which covers the area of the dwelling space.
In any event, the petitioner does not meet the requirement under either interpretation.
Applying the law under either interpretation to the case before me, there were two residential units in the premises in 1944. Only one unit was converted or 50%.
The issue as to the amount of business rental to be fixed is therefore not considered.
Accordingly, the motion of the respondent to dismiss the proceeding upon the ground that the petitioner has failed to meet the requirements of the statute is granted.